CASE NO. 9:21-CV-81750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAFS, INC.,

Appellant,

v.

GEORGE D. DAVIS,

Appellee.

On appeal from the United States Bankruptcy Court for the Southern District of
Florida, West Palm Beach Division,
Lower Tribunal (Bankruptcy Case) Case No. 20-17930-EPK
Lower Tribunal (Adversary Proceeding) Adv. Pro. No. 9:20-ap-01384-EPK

**APPELLANT'S REPLY BRIEF**

**DAY PITNEY LLP**

| | |
|---|---|
| Andrew R. Ingalls | Joshua W. Cohen |
| Florida Bar No. 112558 | Admitted *Pro Hac Vice* |
| aingalls@daypitney.com | jwcohen@daypitney.com |
| 396 Alhambra Circle | 195 Church Street – 15th Floor |
| North Tower – 14th Floor | New Haven, CT 06510 |
| Miami, Florida  33134 | Tel: (203) 752-5000 |
| Tel: (305) 373-4000 | Fax: (203) 399-5854 |
| Fax: (305) 373-4099 | |

110823626.5

# TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................1

I. The Bankruptcy Court erred in applying collateral estoppel to bar SAFS's § 523(a)(6) claim. ...........................................................................1

II. The Bankruptcy Court erred by granting summary judgment as to SAFS's § 727(a)(3) claim based on findings contradicted by the record. ..........................................................................................................5

 A. The Bankruptcy Court was precluded by law from considering Davis's untimely argument and late-filed Supplemental Affidavit. ..........................................................................................6

 B. Davis's untimely argument and Supplemental Affidavit misapply § 727(a)(3) and otherwise create genuine issues of material fact. ........................................................................................8

 C. SAFS's calculation of damages is irrelevant to § 727(a)(3). .............10

 D. *In re Lorenzo* remains on all fours and requires reversal of the Final Judgment and Order. ..............................................................11

CONCLUSION ............................................................................................................13

i

110823626.5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*,
  793 F. App'x 896 (11th Cir. 2019) ................................................................ 7, 8

*Chi. Title Ins. Co. v. Mart (In re Mart)*,
  87 B.R. 206 (Bankr. S.D. Fla. 1988) ................................................................ 11

*Coquina Invs. v. Rothstein*,
  No. 10-CV-60786, 2011 WL 4971923 (S.D. Fla. Oct. 19, 2011), *aff'd*, 760 F.3d
  1300 (11th Cir. 2014) ....................................................................................... 4

*Corcoran v. Dep't of Soc. Servs.*,
  859 A.2d 533 (Conn. 2004) ............................................................................. 4

*In re Deresinski*,
  216 B.R. 995 (Bankr. M.D. Fla. 1998) ............................................................ 3

*Eden Day Spa v. Bianca (In re Bianca)*,
  No. 19-BKC-16935, 2020 WL 1181362 (Bankr. S.D. Fla. Mar. 10, 2020) ......... 8

*Federal Land Bank of Jackson v. Cornelison (In re Cornelison)*,
  901 F.2d 1073 (11th Cir. 1990) ....................................................................... 10

*Ford Motor Credit Co. v. Owens*,
  807 F.2d 1556 (11th Cir. 1987) .................................................................. 2, 4, 5

*Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*,
  606 F. App'x 548 (11th Cir. 2015) ...................................................... 11, 12, 13

*Menotte v. Davis (In re Davis)*,
  363 B.R. 614 (Bankr. M.D. Fla. 2006) ............................................................ 9

*Monson v. Galaz (In re Monson)*,
  661 F. App'x 675 (11th Cir. 2016) .................................................................. 2

*Protos v. Silver (In re Protos)*,
  322 F. App'x 930 (11th Cir. 2009) .................................................................. 9

*Verna v. Pub. Health Tr. of Miami-Dade Cnty.*,
 539 F. Supp. 2d 1340 (S.D. Fla. 2008) .............................................................. 10

*Westlake Flooring Co., LLC v. Staggs*,
 No. 5:17-CV-1722, 2018 WL 3752383 (N.D. Ala. Aug. 8, 2018) ....................... 2

**Statutes**

11 U.S.C. § 523 ........................................................................................................ 1

11 U.S.C. § 727 ............................................................................................... 5, 9, 11

**Rules**

L.R. 7.1 ..................................................................................................................... 6

110823626.5

# ARGUMENT

**I.     The Bankruptcy Court erred in applying collateral estoppel to bar SAFS's § 523(a)(6) claim.**

SAFS established in Appellant's Initial Brief [ECF No. 11] (the "Initial Brief") that the Bankruptcy Court misapplied the doctrine of collateral estoppel to its § 523(a)(6) claim when it failed to consider binding Eleventh Circuit precedent standing for the proposition that: (1) Auto House's sale of SAFS's collateral out of trust constitutes a *per se* "willful and malicious" injury sufficient to establish a claim under § 523(a)(6), and (2) Auto House's conduct can be imputed to Davis based on his participation in both the sales-out-of-trust scheme and the management and operation of the Auto House business. [ECF No. 11, pps. 14-20]. Because the jury in the Connecticut Action never considered any claims against Auto House, a fact at the crux of SAFS's § 523(a)(6) argument, the jury's findings as to Davis in his individual capacity cannot support application of collateral estoppel to preclude the § 523(a)(6) claim under the cited authorities.

Unable to justify the Bankruptcy Court's departure from Eleventh Circuit law, Davis begins his § 523(a)(6) analysis by attacking a straw man, specifically stating that "SAFS is seeking to argue to this Court that any time someone breaches a contract, it is *per se,* a willful and malicious injury." [ECF No. 14, p. 24]. This is false. Citing binding Eleventh Circuit authority, SAFS argues only that a sale out of trust, not a simple breach of contract, constitutes a *per se* "willful and

malicious" injury sufficient to establish a claim under § 523(a)(6). [ECF No. 11, pps. 14-20]; *see Monson v. Galaz (In re Monson)*, 661 F. App'x 675, 684 (11th Cir. 2016); *Ford Motor Credit Co. v. Owens,* 807 F.2d 1556, 1559 (11th Cir. 1987).

Davis attempts to dispute that sales out of trust constitute a "willful and malicious" injury under § 523(a)(6) by quoting *In re Monson* and the cases cited therein, ultimately concluding that "[n]owhere in any of these cases is a sale out of trust, a *per se,* non-dischargeable act." [ECF No. 14, p. 25]. But, in doing so, he ignores the following statement from *In re Monson* that directly contradicts his argument:

> Bankruptcy courts within this Circuit have held that, whether or not a lienholder's security interest is properly perfected or recorded, **where the debtor has knowledge of the lienholder's claim and subsequently sells or disposes of the property at issue without notice to the lienholder, that act constitutes a willful and malicious injury under § 523(a)(6).**

*In re Monson*, 661 F. App'x at 684 (emphasis added); *see also Westlake Flooring Co., LLC v. Staggs*, No. 5:17-CV-1722, 2018 WL 3752383, at *5 (N.D. Ala. Aug. 8, 2018) ("[T]he circumstances in which out-of-trust sales arise suffice to warrant a conclusion that the debt arose from a 'willful and malicious' injury.") (quoting *Owens*, 807 F.2d at 1559). As there is no question that a sale out of trust constitutes a "willful and malicious" injury under § 523(a)(6), Davis's arguments to the

2

110823626.5

contrary are misguided.[1] *See In re Deresinski*, 216 B.R. 995, 1000 (Bankr. M.D. Fla. 1998) (recognizing "previous decisions in this circuit establishing that a debtor who participates in the conversion of proceeds from the sale of inventory financed under a floor plan financing arrangement will be held liable to the creditor, and that the corresponding debt is nondischargeable under § 523(a)(6)").

Davis's attack on SAFS for "implying, without stating, that the law in Connecticut as to collateral estoppel is different from that of Florida" is also false. [ECF No. 14, p. 24]. SAFS readily admitted in its Initial Brief that "Connecticut law applies to the collateral estoppel analysis," and, while the Connecticut and Florida standards are nearly (if not completely) identical, SAFS did not cite a single case applying a collateral estoppel analysis under Florida law. [ECF No. 11, p.15, n.5].

Finally, like the Bankruptcy Court's findings underlying the Order and Final Judgment, the remainder of Davis's arguments ignore that SAFS's § 523(a)(6) claim did not center on actions that Davis took individually, but on Auto House's actions in connection with the sales out of trust, which can be imputed to Davis

---

[1] In addition, while Davis argues that Auto House's "act of not remitting proceeds was not done with a specific intent to injure SAFS," the Bankruptcy Court did not consider, nor did Davis produce, any evidence that supports such a statement. [ECF No. 14, p. 27]. To the contrary, Davis testified at his deposition that "Auto House was well aware that SAFS expected to be paid on th[e]vehicles" sold out of trust.

3

pursuant to *Owens* and other binding Eleventh Circuit precedents. *Owens*, 807 F.2d at 1559. Because Auto House was not a party to the Connecticut Action at the time of trial, the jury did not consider the company's actions, meaning the "identity of issues" and "identity of parties" prongs required for collateral estoppel are absent and summary judgment is improper. *Corcoran v. Dep't of Soc. Servs.*, 859 A.2d 533, 542 (Conn. 2004) ("Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated **between the same parties** in any future lawsuit.") (emphasis added) (quotation marks omitted).

While neither Davis nor the Bankruptcy Court directly addressed SAFS's imputation argument under *Owens*, Davis halfheartedly attempts to distinguish the case by arguing that "[i]n the instant case, a jury trial was held, where it was found that the actions were not willful and malicious." [ECF No. 11, p. 26]. But again, Davis ignores that the jury's review in the Connecticut Action was limited to Davis's conduct in his individual capacity—the jury did not consider the actions of the Auto House company as a whole, which would include actions of employees and persons other than Davis. *See Coquina Invs. v. Rothstein*, No. 10-CV-60786, 2011 WL 4971923, at *13 (S.D. Fla. Oct. 19, 2011) (stating that employers are liable for acts of an employee committed "within the course and scope of his employment, with the purpose of benefiting the interests of the employer")

4

(citation omitted), *aff'd*, 760 F.3d 1300 (11th Cir. 2014). *Owens* remains on all fours with the facts at hand and compels reversal of the Bankruptcy Court's decision to grant summary judgment in favor of Davis on the § 523(a)(6) claim.

## II. The Bankruptcy Court erred by granting summary judgment as to SAFS's § 727(a)(3) claim based on findings contradicted by the record.

In his Reply, Davis argues that Auto House provided SAFS full access to Auto House's records "approximately four months" prior to the Connecticut Action being filed, and that SAFS's supposed access somehow carries his burden under § 727(a)(3). [ECF No. 14, p. 20]. SAFS did not address this theory in its Initial Brief as it was untimely raised for the first time in Davis's Reply in Support of Motion for Summary Judgment [Advs. ECF No. 39] (R. 8-5, 173-182), and therefore could neither be considered by the Bankruptcy Court nor used to support the Order and Final Judgment on appeal.

Even if this Court considers the untimely Reply supported by the Supplemental Affidavit of George D. Davis (R. 8-5, 179-180), § 727(a)(3) does not give borrowers a free pass to destroy records essential to understanding their financial condition simply because a creditor had access to those records at a prior point in time. In addition, numerous disputed fact issues would remain precluding a finding that Davis's destruction of the Auto House records "was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). Accordingly, there is no scenario that could support the Bankruptcy Court's findings, and this Court

5

should reverse the Order and Final Judgment as to SAFS's § 727(a)(3) claim.

### A.     The Bankruptcy Court was precluded by law from considering Davis's untimely argument and late-filed Supplemental Affidavit.

Davis begins his Response by disingenuously stating that SAFS "has never refuted either to the Bankruptcy Court or in its Initial Brief, the Supplemental Affidavit of George D. Davis" [ECF No. 14, p. 19], ignoring the fact that SAFS never had the opportunity to do so as the Supplemental Affidavit was untimely filed alongside Davis's Reply in Support of Motion for Summary Judgment. (R. 8-5, 173-82).[2] Because Davis's late-filing of the Supplemental Affidavit and Reply violated numerous rules, the Bankruptcy Court could not consider either submission. Therefore, those submissions are both beyond the purview of and irrelevant to the issues before this Court.

Under the Bankruptcy Court's Standing Order entered below [Advs. ECF No. 3], a party moving for summary judgment "must serve with the motion all such [supporting] materials," and the movant's reply brief "shall be strictly limited to rebuttal of matters raised in the response." The Local Rules for the Southern District of Florida carry the same requirement. L.R. 7.1(c)(1) ("[R]eply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition."). Consistent with the Standing Order and Local

---

[2] Had SAFS been given the opportunity to do so, it would have established that Davis's Supplemental Affidavit and the timeline it presents are incorrect.

Rules, the Eleventh Circuit has recognized that, "[b]ecause summary judgment is a final disposition on the merits, courts should not grant summary judgment based on arguments or evidence to which the nonmoving party has not had a reasonable and meaningful opportunity to respond with contrary argument or evidence." *Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901 (11th Cir. 2019). "When faced with a reply brief that offers new evidence . . . the district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Id.* at 901-02.

Here, in violation of the Standing Order, Local Rules, and Eleventh Circuit precedent, Davis raised the following arguments for the first time in his Reply in Support of Motion for Summary Judgment, supported by the Supplemental Affidavit of George D. Davis (R. 8-5, 175-80): (i) that SAFS's auditors searched Auto House's business records approximately four months prior to the business closing; and (ii) that the IRS completed its own audit.[3] Therefore, the Bankruptcy Court could not consider Davis's novel arguments raised in the Reply or his late-

---

[3] Remarkably, Davis never raised below his assertion that Garrison Hudkins, Vice President and Secretary of SAFS, admits in his affidavit that SAFS audited Auto House's records. That contention misconstrues Mr. Hudkins's testimony. In his affidavit, Mr. Hudkins references "audits and investigations" related to the out of trust sales, not the purported five-week audit Davis alleges occurred four months earlier. (*Compare* R. 8-4, 187 ¶ 11 *with* R. 8-5, 179-180).

7

filed affidavit in ruling on SAFS's § 727(a)(3) claim, and there is no indication that it did. *See Atl. Specialty Ins. Co.*, 793 F. App'x at 901-02. Instead, as outlined in the Initial Brief, the Bankruptcy Court stated it was granting Davis's Motion for Summary Judgment on SAFS's § 727(a)(3) claim based on the finding that SAFS had access to Auto House's business records during the Connecticut Action, a conclusion that was incorrect and contradicted by the record. (Trans. 35:2-14).

Pursuant to the same Standing Order, Local Rule 7.1(c)(1), and established Eleventh Circuit precedent, this Court is similarly precluded from considering either Davis's novel arguments raised in the Reply or his late-filed Supplemental Affidavit, to which SAFS had no opportunity to respond. *Atl. Specialty Ins. Co.*, 793 F. App'x at 901-02.

### B. Davis's untimely argument and Supplemental Affidavit misapply § 727(a)(3) and otherwise create genuine issues of material fact.

Even ignoring their improper and untimely nature, Davis's new argument and Supplemental Affidavit do not support upholding the Order and Final Judgment, as they: (1) improperly attempt to turn § 727(a)(3) on its head by offloading Davis's obligation to preserve business records onto SAFS, and (2) otherwise demonstrate why "[o]bjections to discharge under § 727(a)(3) are not usually decided on summary judgment, as they normally require a fact intensive inquiry regarding the adequacy of the defendant's records." *Eden Day Spa v. Bianca (In re Bianca),* No. 19-BKC-16935, 2020 WL 1181362, at *2 (Bankr. S.D.

8

Fla. Mar. 10, 2020) (quotation marks omitted). Accordingly, as summary judgment would be improper under Davis's untimely argument and narrative, reversal is required.

First, Davis's focus on SAFS's alleged audit and review of Auto House's business records months ignores the fact that § 727(a)(3) obligates Davis, not SAFS, to preserve sufficient records to provide the "creditors and the trustee" with information sufficient to explain the debtor's "present financial condition." *Menotte v. Davis (In re Davis)*, 363 B.R. 614, 619 (Bankr. M.D. Fla. 2006). The plain language of § 727(a)(3) precludes Davis's attempts to shift his legal obligation to preserve records to SAFS. 11 U.S.C. § 727(a)(3) (providing an exception to discharge where "the ***debtor*** has concealed, destroyed, mutilated, falsified, or failed to keep or preserve") (emphasis added).

Second, even if providing SAFS access to Auto House documents over four years ago had anything to do with Davis's burden under § 727(a)(3), the Eleventh Circuit has confirmed that such access would not carry his burden as to the other creditors or the Trustee, stating:

> [T]he Appellant contends that he met his obligations by providing said documents to the Appellee's counsel. However, section 727(a)(3) requires disclosure of all relevant records for the benefit of all the creditors and the bankruptcy court. As such, disclosure to one creditor's counsel does not justify failure to preserve records pursuant to section 727(a)(3).

*Protos v. Silver (In re Protos)*, 322 F. App'x 930, 935 (11th Cir. 2009).

9

Finally, Davis's Supplemental Affidavit does not establish that, "under all of the circumstances of the case," SAFS's purported access to the Auto House records justifies Davis's destruction of those records under § 727(a)(3), and otherwise leaves numerous disputed issues of material fact surrounding SAFS's alleged audit and the documents that SAFS supposedly reviewed.[4] Lacking any meaningful evidentiary record, the Bankruptcy Court could not and did not address these fact-intensive questions. In the absence of a fulsome evidentiary record, the business record destruction issues are inappropriate for resolution on summary judgment and cannot be decided for the first time on appeal. *See Federal Land Bank of Jackson v. Cornelison (In re Cornelison)*, 901 F.2d 1073, 1075 (11th Cir. 1990) ("Neither the district court (which functions in an appellate capacity in a bankruptcy appeal) nor this Court may make independent factual findings.")

### C.     SAFS's calculation of damages is irrelevant to § 727(a)(3).

Davis next argues that SAFS does not need the destroyed Auto House documents because it has calculated its damages. [ECF No. 14, pps. 21-22]. In

---

[4] Davis's statement in his Supplemental Affidavit that the IRS told him he "was no longer required to maintain [Auto House's] records" (R. 8-5, 180 ¶ 4) is rank hearsay that cannot be considered to establish that the records would not reflect on Davis's financial condition at the summary judgment stage or that he was, in fact, no longer required to retain such documents. *See Verna v. Pub. Health Tr. of Miami-Dade Cnty.*, 539 F. Supp. 2d 1340, 1350 (S.D. Fla. 2008) ("Hearsay statements, even if stated in a deposition, cannot be considered on a motion for summary judgment.").

doing so, Davis ignores that the pertinent issue under § 727(a)(3) is not assessment of the creditor's damages, but the debtor's financial condition. 11 U.S.C. § 727(a)(3). This is not an objection to SAFS's claim in the bankruptcy case; rather, the focus is on identifying assets that can be used to pay creditors. *See Chi. Title Ins. Co. v. Mart (In re Mart)*, 87 B.R. 206, 210 (Bankr. S.D. Fla. 1988) (noting that the purpose of § 727(a)(3) is "to insure [*sic*] that trustee and creditors receive sufficient information so that they can trace debtor's financial history from a reasonable period in past to present"). Regardless of whether SAFS is aware of the extent its injuries, Davis destroyed records that would have shed light on his financial condition, specifically whether and, if so, how much of the sales out of trust proceeds he personally retained. (R. 8-4, 251:24-252:1; 271:12-20; 188 ¶ 15). He also destroyed records that would have enabled SAFS, the other creditors, and the Trustee to determine the extent of, and for how long, Auto House was submitting false floor plan requests as well as the specific terms and details of the transactions surrounding the sales out of trust. (*Id.*). By the statute's plain language, this is exactly the type of conduct to which § 727(a)(3) applies.

> **D.** ***In re Lorenzo*** **remains on all fours and requires reversal of the Final Judgment and Order.**

Davis lastly attempts to distinguish *Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*, 606 F. App'x 548 (11th Cir. 2015) by arguing that the debtor there had "no records to show her finances personally." [ECF No. 14, p. 22]. But nothing in

*In re Lorenzo* suggests either that the debtor lacked personal financial records or that a lack of personal records played any part in the court's decision. Instead, as is the case here, the Eleventh Circuit focused on the debtor's destruction of her company's records from which, based in part on potential intermingling of personal and business expenses, her "financial condition or business transactions might be ascertained." *In re Lorenzo*, 606 F. App'x at 553 (quotation marks omitted). This is precisely the case here as, like *Lorenzo*, Davis allowed key Auto House business records to be destroyed that could have revealed his intermingling of proceeds from Auto House's sales out of trust with his own personal funds.

Similarly, while Davis argues that the *In re Lorenzo* debtor destroyed her company's records during the pendency of litigation, nowhere does the Eleventh Circuit suggest that the timing of the destruction had anything to do with its straightforward decision that § 727(a)(3) applies to a debtor's destruction of their company's business records. *See generally id.* In any case, the record here establishes that Davis retrieved the Auto House business records in September 2017 and then allowed those records to be destroyed, all of which would have occurred during the pendency of the Connecticut Action. (R. 8-4, 156-160).

As established by the Initial Brief, *In re Lorenzo* demonstrates that § 727(a)(3) applies to Davis's destruction of Auto House's business records and, at a bare minimum, creates disputed issues of material facts regarding the missing

12

records, whether they would have shed light on Davis's financial condition, and whether their destruction was somehow justified. 606 F. App'x at 552.

## CONCLUSION

Because the Bankruptcy Court's Order and Final Judgment are based on erroneous findings inconsistent with both the factual record and the law, Appellant, SAFS, Inc., respectfully requests that the Court reverse the Order and Final Judgment and remand this matter to the Bankruptcy Court for further proceedings.

Dated:  February 9, 2021　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By:  */s/ Andrew R. Ingalls*

**DAY PITNEY LLP**

Joshua W. Cohen
Admitted *Pro Hac Vice*
jwcohen@daypitney.com
195 Church Street – 15th Floor
New Haven, CT 06510
jwcohen@daypitney.com
Tel: (203) 752-5000 / Fax: (203) 399-5854

Andrew R. Ingalls
Florida Bar No. 112558
aingalls@daypitney.com
brodridguez@daypitney.com
396 Alhambra Circle
North Tower – 14th Floor
Miami, Florida  33134
Tel: (305) 373-4000 / Fax: (305) 373-4099
*Counsel for Appellant*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2021, a true and correct copy of the foregoing document was electronically filed using the CM/ECF system and served via Notice of Electronic filing on all parties with counsel registered on CM/ECF, including Les Osborne, Esq., Rappaport, Osborne & Rappaport, PLLC, Squires Building, 1300 North Federal Highway, Suite 203, Boca Raton, FL 33432, les@rorlawfirm.com, *Counsel for Defendant*.

/s/ Andrew R. Ingalls
Andrew R. Ingalls

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations in Fed. R. Bank. P. 8015(a)(7)(B) because it contains 3,147words.

/s/ Andrew R. Ingalls
Andrew R. Ingalls